Case 108.—ACTION BY HENRY SHIRLEY AGAINST THE SOUTHERN RY. CO. IN KY. FOR FALSE IMPRISONMENT.—January 31.

## Southern R'y Co. in Ky. v. Shirley.

Appeal from Garrard Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff.     Defendant appeals.     Affirmed.

1. False Arrest — Pleading — Probable Cause — In an action for damages for false arrest and imprisonment, it is not necessary for the plaintiff to allege in his petition that the arrest and imprisonment complained of was without probable cause.
2. Railroads—Liability for Causing Arrest and Imprisonment— Where the railroad company procured a detective and sheriff, without any warrant, to go to the home of plaintiff and arrest him upon the faith of a telegram that plaintiff had assaulted one of its brakemen, and to forcibly commit him to jail and there detain him for several days, and so detained him in jail until the brakeman, upon seeing appellee, informed them that appellee was not the man who assaulted him, the company was properly held liable to the plaintiff in an action against it for damages for false arrest and imprisonment.

HUMPHREY, HINES & HUMPHREY for appellant.

E. H. GAITHER and WALKER & JOHNSON of counsel.

## POINTS AND AUTHORITIES.

1. The petition does not state a cause of action.

(1.) In failing to state what was the agent's authority. (Smith v. Railway Co., 124 Ind., 394; 24 N. R., 753; Sekator v. Lamon, 26 R. I., 125; 58 Atl. Rep., 456.).

(2.) In failing to allege that arrest complained of was without probable cause. (Dierig v. South Covington Street Ry., 24 Ky. Law Rep., 1825; Maddox v. McGinness, 7 Mon., 371; Mitchell v. Mattingly, 1 Met., 240; 13 Ency. Plead. & Prac., 436.)

2. The instructions were erroneous. (Schneider v. McGill, 23 Ky. Law Rep., 589.)

3. The court erred in admitting incompetent evidence and in submitting to the jury the case at all. 'Beattyville Coal Co. v. Hoskins, &c., 19 Ky. Law Rep., 1759; Commonwealth v. Parlin, 26 Ky. Law Rep., 58; Dupuy v. Ashby, 2 A. K. Mar., 11; Louisville & Nashville Railroad Co., v. Rouitt, 25 Ky. Law Rep., 887; Patterson v. M. & B. S. R. R. Co., 25 Ky. Law Rep., 1750; Edwards v. London & Northwestern Ry. Co., L. R., 5; Com. Pleas, 445; Allen v. London & Southwestern Ry. Co., L. R., 6; Q. B., 65; Bank of New South Wales v. Owston, L. R., 4; App. Cas., 270; Abrahams v. Deakins, L. R., 1891; 1 Q. B., 516; Mali v. Lord, 39 N. Y., 381; 100 Am. Dec., 448; Porter v. C. R. I. & P. R. R. Co., 41 Ia., 358; Penny v. N. Y., C. & H. R. R. Co., 53 N. Y. Supp., 1043; Wikle v. L. & N. R. R., 42 S. E. Rep., 525; 116 Ga., 309; Eichengreen v. Louisville & Nashville R. R. Co., 96 Tenn., —, 34 S. W., 219.)

4. Evidence of ratification. (Perley v. Inhabitants of Georgetown, 7 Gray, 464.)

5. Instruction as to malice.

ROBT. HARDING for appellee.

BEN LEE HARDIN, CHAS. H. CORN, E. V. PURYEAR and GREENE & VAN WINKLE of counsel.

1. We insist that a good cause of action for false imprisonment is stated in the petition, if the expression "without any cause," is entirely stricken from the petition.

This is an action of trespass to the person of Shirley and it is not essential to a statement of his cause of action, that he should have stated that the company in arresting him, or causing his arrest, acted with malice or without probable cause.

3. A trespass to the person may be committed without malice and with probable cause, and yet, without any right upon the part of the trespasser to do so, and if without right the wrong-

doer is liable in compensatory damages to the person injured by such trespass. Want of malice and probable cause are defensive pleas which may be made in mitigation of punitive damages, but not in justification of the trespass.

4. A wrongdoer can not be absolved from his legal obligation to repair an injury to the person of another upon the ground that he was not actuated by malice or that he had probable cause.

### AUTHORITIES CITED.

Reynolds v. Price, 22 Ky. Law Rep., 5; A. & E. Ency., vol. 7, pp. 661-663-664; Jaggard on Torts, vol. 1, p. 418; Revill v. Pettit, 3 Metcalfe, 319; Sutherland on Damages, vol. 4, secs. 1257-1258.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee instituted this action in the Garrard Circuit Court against the appellant for false imprisonment, and upon a trial recovered a verdict for $1,500, upon which judgment was entered, and from which appellant has appealed.

The appellee alleged in his petition and proved upon the trial the following state of facts: "Plaintiff states that he is a citizen and resident of Garrard county Ky., and was such on the 25th day of July, 1903, and on said 25th day of July 1903, the defendant, Southern Railway in Kentucky, by and through its agent and employe whose name plaintiff is informed is Minor unlawfully, wrongfully, willfully and maliciously and without any cause for so doing and against plaintiff's will and consent forcibly arrested and imprisoned and caused to be arrested and imprisoned, this plaintiff in the county of Garrard and continued to imprison and confine him under said arrest as aforesaid in the jail of Boyle county, Ky., to which said company carried him after said arrest, and continued to imprison and confine him in Boyle and Mercer counties with handcuffs upon his wrists and in the jail or station at Burgin Ky., to which point

said company carried him and caused him to be carried in irons and continued said confinment and imprisonment with handcuffs upon him upon its cars in Mercer, Anderson, Shelby and Jefferson counties, and to be confined in the jail and station house in the city of Louisville, and in the county of Jefferson, to which county and city defendant company carried him in irons upon its said road as aforesaid, and continued said imprisonment and confinement under said arrest in said Jefferson county, upon its cars, and in the jail of Mercer county, all of which confinement and imprisonment and arrest in Garrard county was continued as aforesaid from the 25th day of July, 1903, to the 4th day of August, 1903, against plaintiff's will and consent, without intermission, at which time, August 4, 1903, he was released from said unlawful, wrongful arrest and imprisonment.'' The appellant answered, and merely traversed the allegations of the petition.

It also appeared from the proof that on the day prior to the arrest a brakeman upon one of appellant's trains was assaulted and badly bruised near the city of Harrodsburg, in Mercer county, and that one Minor, a detective or agent of the appellant, received a telegram from some one of appellant's officials directing him to ''go to the scene at once and trace up and get the parties who committed the offense;'' that upon the faith of this telegram, and without a warrant, Minor and the sheriff of Mercer county went to the home of appellee and arrested him, and Minor forcibly took him to the county seat of Boyle county, and there confined him in the jail for several hours, while he (Minor) attempted to find another colored man whom he suspected of having committed the offense. He then took the appellee

to Harrodsburg, and there confined him during one night; and the next morning, Sunday, took him to Louisville, and took him in the presence of the brakeman who had been assaulted and injured. This brakeman then informed Minor that the appellee was not the party who had injured him. Minor then carried him to the Jefferson county jail, and there confined him until the following Thursday, and while there Minor reported his acts in the matter to those in charge of appellant's business in the State. On Thursday Minor carried appellee to Harrodsburg, in Mercer county, and there confined him in jail until the following Monday or Tuesday, when the appellee was released on his own recognizance. While appellee was confined in the jail at Harrodsburg, Minor employed an attorney to investigate the records of the police and other courts to see if he could find any charge upon which appellee could be held and prosecuted. It is pretty clearly indicated from the proof that this attorney's fee and all the expenses with regard to the arrest, travel and imprisonment of appellee were paid by appellant.

Our Criminal Code of Practice has clearly and explicitly defined under what circumstances a person in this State may be deprived of his liberty. By section 35 it is provided: "An arrest may be made by a peace officer or by a private person." By section 36 it is provided: "A peace officer may make an arrest: (1) In obedience to a warrant of arrest delivered to him. (2) Without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony." Additional authority for a peace officer to make an arrest is provided in sections 383, 394 and 395 of the Code. By section 37 it

is provided: "A private person may make an arrest, when he has reasonable grounds for believing that the person arrested has committed a felony." By section 46 it is provided: "If an arrest be made without a warrant, whether by a peace officer or by a private person, the defendant shall be forthwith carried before the most convenient magistrate of the county in which the arrest is made, and the grounds on which the arrest is made shall be stated to the magistrate; and if the offense for which the arrest was made be charged to have been committed in a different county from that in which the arrest was made, and the magistrate believes from the statements made to him on oath, that there are sufficient grounds for an examination, he shall, by his written order, commit the defendant to a peace officer, to be conveyed by him before a magistrate of the county in which the offense is charged to have been committed; or, if the offense be a misdemeanor, the defendant may give bail before the magistrate for his appearance before the judge of the county court of the county in which the offense was committed," &c.

There was no pretense on the trial of this case that appellant's agent, Minor, had a warrant for the arrest of appellee, nor that there were reasonable grounds for believing that appellee had committed a felony, nor that he was carried to the nearest or any magistrate in the county where appellee was arrested; nor was there any pretense upon the part of appellant that it conveyed the appellee as a prisoner from any one of the counties named to the other, or that he was confined in any of the jails named by order of any magistrate. The facts as they appear of record show that the arrest of appel-

lee and his confinement and imprisonment in the jails were illegal and without authority of law. The appellant contends that the judgment should be reversed, because the appellee did not state in his petition a cause of action against it, in failing to allege that the arrest and imprisonment complained of was without probable cause. This allegation was not necessary in this action for false arrest and imprisonment. The appellee seems to have confounded the necessary allegations in an action for malicious prosecution with an action of false imprisonment. Newell in his work on Malicious Prosecution (on page 56), says: "To constitute the injury of false imprisonment, there are two points requisite: (1) The detention of the person, and (2) the unlawfulness of such detention." And again (on page 249): "The existence of malice is not an essential ingredient of the plaintiff's case in an action for false imprisonment. Its existence may be shown, however, for the purpose of enhancing the damages to be recovered." In American & English Encyc. of Law (2d Ed.), volume 12, page 733, it is said: "The constituent elements of false imprisonment are, first, the detention or restraint; and, second, the unlawfulness of the detention or restraint. Conversely, it has been held that the defendant, in order to escape liability, must either prove that he did not imprison the plaintiff or he must justify the imprisonment." And again (on page 724): "In the action for damages for false imprisonment the motives of the defendant are not material, so far as making out a right of action is concerned, though, as is observed in another place, the contrary is true in actions for malicious prosecution. Where, however, a false imprisonment is shown, the motives of defendant may

affect the measure of damages." Colter v. Lower
(Ind.), 9 Am. Rep., 735, was a case for false imprison-
ment. The defendant contended that the petition did
not state a cause of action, for the reason that it was
not alleged that the imprisonment was malicious and
without probable cause. The court held that this.
allegation was essential in an action for malicious
prosecution, but there was a marked distinction be-
tween malicious prosecution and false imprisonment;
that in an action for false imprisonment the aver-
ment of malice and want of probable cause is not
necessary, and cited in approval the case of Wilkin-
son v. Arnold, 11 Ind., 45, two other cases from the
same State, and Johnstone v. Sutton, 1 T. R., 544.
In the latter case the court said, in speaking of the
action for malicious prosecution: "There is no simili-
tude or analogy between an action for trespass, or
false imprisonment, and this kind of an action."
In 2 Starkies's Ev., 1112, it is said: "No proof of
malice or want of probable cause is necessary to
make a case for false imprisonment." To the same
effect are Hobbs v. Ray, 18 R. I., 84, 25 Atl., 694;
Comer v. Knowles, 17 Kan., 436; Herzog v. Graham,
9 Lea., 152; McConnell v. Kennedy, 29 S. C., 180, 7
S. E., 76. In this State the same rule is laid down
in the case of Reynolds v. Price, 56 S. W., 502, 22 Ky.
Law Rep., 5.

Appellant in its brief cites the cases of Maddox v.
McGinnis, 7 T. B. Mon., 371, Mitchell v. Mattingly,
1 Metc., 240; 13 Encyc. Pl. & Pr., 436, and Dierig v.
South Covington Street Ry., 72 S. W., 355, 24 Ky.
Law Rep., 1825, as sustaining its position that the al-
legation of want of probable cause is essential to
state a cause of action. The three first named cases
have reference to actions for malicious prosecution,

and not for false imprisonment, and therefore have no application to the case at bar. In Dierig v. South Covington Street Ry., supra, the petition was rather inartistically drawn, and somewhat ambiguous in setting forth a cause of action. Some parts of it might be taken as indicating an action upon a violation of a contract, while other parts thereof partake of the nature of an action for malicious prosecution, and what is said in that opinion should be construed as having reference to an action for malicious prosecution.

Appellant also makes contention with reference to errors in the instructions and the admission of incompetent evidence. We have examined these matters with care, and, without particularizing, it is sufficient to say that no material errors were committed with reference to the instructions or admission of evidence that were prejudicial to appellant's substantial rights.

Judgment affirmed.