LISOSKI, APPELLANT, v. ANDERSON ET AL., RESPONDENTS.

(No. 8,148.)

(Submitted April 22, 1941. Decided May 6, 1941.)

[112 Pac. (2d) 1055.]

*Messrs. Busha & Greenan* and *Messrs. Yule & Cosgrove,* for Appellant, submitted a brief; *Mr. Philip G. Greenan* argued the cause orally.

*Messrs. Hall & Alexander,* for Respondents, submitted a brief; *Mr. E. C. Alexander* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal was taken from a judgment of the district court for Cascade county. Upon the trial of the cause, after the

submission of plaintiff's case, a motion for judgment on the pleadings was made by the defendant and that motion was granted, and the judgment entered in pursuance of the order granting the motion.is the one here appealed from.

The allegations of the amended complaint, briefly stated, are that on November 2, 1936, the plaintiff was a passenger in a taxicab owned by the defendants Anderson and Gosney and driven by the defendant Mickelson; that at an intersection of a through and a cross street in the city of Great Falls a collision occurred between the taxicab and an automobile belonging to the Glasgow Motors, Inc., one of the original defendants in the action. The allegations are that the taxicab was being driven at an excessive speed and negligently so, and that the driver of the automobile negligently failed to stop before entering the through street on which the taxicab was traveling; damages by reason of injuries to plaintiff's person are alleged and their recovery is sought.

After the commencement of the suit by an agreement and stipulation between the plaintiff and the Glasgow Motors, Inc., the suit was dismissed as to it. The answer of the remaining defendants sets up as an affirmative defense a release by reason of a certain written instrument hereinafter discussed. The reply admits the existence of the stipulation upon which the dismissal of the suit as to the Glasgow Motors, Inc., is based, but denies generally everything else in the affirmative defenses.

A pretrial hearing was had before the court and pursuant to it the court ordered the amendment of the pleadings to show that the plaintiff "signed and delivered the release and discharge alleged," and that by stipulation the action as to the Glasgow Motors, Inc., was dismissed, and that as to these two matters it was ordered that on the trial they be taken as proven.

As the matter then stood at the time of the trial, it was admitted that plaintiff had signed the release set up in the second affirmative defense, that being the release on which the determination of this case hinges, and that she delivered it. The transcript of the testimony is not before us, the matter being

presented on the judgment roll alone. However, both counsel seem to agree by their briefs and by the specifications that the sole question before us concerns the effect of pleading the release and the order of the court on the pretrial hearing which established as a fact the signing and delivery of the release and that as to the release the reply consists only of a general denial and no attempt is made to plead a confession and avoidance. It is urged, on the part of the defendants, that in view of the pleadings and the order of the court, the plaintiff may not upon the trial avoid the effect of the release, while the plaintiff's contention is otherwise.

Plaintiff urges that she may properly upon the trial introduce testimony to show that the release was not intended as a release of her claim against the defendants remaining in the case as joint tort-feasors.

Because the determination of the cause hinges on the effect of the release it is herein set out in full:

"Know all men by these presents, that I, Jennie Gianoulis, for the sole consideration of Four Thousand Eight Hundred Four and 42/100 dollars, to me in hand paid by Glasgow Motors, Inc. have released and discharged, and by these presents do for myself, my heirs, executors, administrators and assigns, release and forever discharge the said Glasgow Motors, Inc., and all other persons, firms or corporation from all claims, demands, damages, actions or causes of action, on account of bodily injuries and/or death, and/or damage to property resulting, or to result, from an accident to me which occurred on or about the 1st day of November, 1936, by reason of taxi in which I was riding colliding with automobile of assured on Ninth Street, Great Falls, Montana, and of and for all claims or demands whatsoever in law or in equity, which I, my heirs, executors, administrators or assigns can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof.

"It is understood and agreed that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected.

"In Witness Whereof, I have hereunto set my hand and seal this 15th day of July, 1937."

It was stipulated that Jennie Gianoulis is the same person as the plaintiff.

Plaintiff's sole contention seems to be that the instrument ▉▉ does not necessarily have the legal effect of releasing these defendants. She admits signing and delivering the document, but argues that the third essential, the intention to release these defendants when the document was signed and delivered, was not present. As to that we must look to the language of the release. This seems conclusive on the point. It must be borne in mind that the document stands admitted, and we are not faced with a situation where fraud, mistake, etc., are set up by reply or otherwise as in the situation in many of the cases cited by plaintiff. The document recites that it shall release *all claims* etc. resulting from the accident against the Glasgow Motors, Inc., and *all* other persons, firms, etc. The language could not be more plain to show the intention to make the release operate as to all her claims against all persons which would include these defendants. She released, according to the language, *all claims of every nature and kind known and unknown, suspected and unsuspected.*

The general rule is that the release of one joint tort-feasor is a release of all, and this is based on the theory set out by this court in *Black* v. *Martin,* 88 Mont. 256, 292 Pac. 577, 580, where it is said: "If the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable, and the injured person may sue them jointly or severally, and recover against one or all. (45 C. J. 895; *McDonald* v. *Robinson,* 207 Iowa, 1293, 224 N. W. 820, 62 A. L. R. 1419.) There is but one injury, for which each tort-feasor is answerable in full, but, there being but one wrongful act, there can be but one full recovery, one complete satisfaction. When that is obtained the injured party has exhausted his remedy; 'a sufficient atonement having been made, though by only one of the wrongdoers, the whole matter is at an end, so far as the legal

118

rights and liabilities of the parties are concerned.' (See note to *Abb* v. *Northern Pac. Ry. Co.,* 58 L. R. A. 293, 28 Wash. 428, 68 Pac. 954, 92 Am. St. Rep. 864, 873.) All the courts agree that, if the consideration paid by one tort-feasor for the release is full compensation for the injury, the other tort-feasor is discharged; beyond that there is disagreement. (Note to *Young* v. *Anderson,* 50 A. L. R. 1060, 33 Idaho, 522, 196 Pac. 193.) Upon the basis that for the one injury the injured party has but one cause of action arose the ancient rule that, where there is a joint cause of action against two or more persons, a discharge as against one of them operates as a discharge to all: 'The rule of law that a release which discharges the liability of one joint tort-feasor releases the others seems to be based upon the nature of their liability, which is one and indivisible and is necessarily destroyed by the discharge of one.' (*Matheson* v. *O'Kane,* 211 Mass. 91, 97 N. E. 638, 639, 39 L. R. A. (n. s.) 475, Ann. Cas. 1913B, 267.) To this doctrine many courts of this country give assent; many adhere to it in the face of a written stipulation that the discharge of one tort-feasor shall not release the other. The reason given is that, since there is but a single injury, there can be but one satisfaction, that the release implies satisfaction; hence, another suit is repugnant thereto. * * * " (See, also, *Chisholm* v. *Vocational School,* 103 Mont. 503, 64 Pac. (2d) 838; 53 C. J. 1254; Blashfield Cyc. of Automobile Law, Permanent Edition, section 3157, page 324.)

Recently the courts have held that the release of one tort-feasor does not necessarily release the others. If from the language of the release it appears that it is not intended as full satisfaction of the claim arising out of the tort it does not have that effect, but the rule is that to save the right of recourse against the other feasors, the release must be in the nature of a covenant not to sue or there must be words in the release which show that it is not in full satisfaction of the claim and that he does not thereby discharge the others from liability. (*Black* v. *Martin,* supra.)

When tested by the modern rule, this instrument clearly is ▮ one showing on its face full satisfaction of the claim arising out of the accident as against all. The release expressly recites that purpose and intention.

Plaintiff urges that no consideration moved from these defendants to the plaintiff, and that these defendants were not parties to the release. The only effect of such a showing would be to indicate that plaintiff did not intend to release them. The release clearly shows otherwise and these matters could not controvert the clear, unambiguous language of the release. (See sections 7529 et seq., Rev. Codes; and *Hill Cattle Corp.* v. *Killorn,* 79 Mont. 327, 256 Pac. 497.) In view of the theory upon which release of one joint feasor releases the others, that is, that the claim has been fully satisfied, it is not necessary that any consideration move from the other feasors to the claimant. It may be noted here additionally that under the facts as pleaded the Glasgow Motors, Inc., would get no benefit from its voluntary payment to this plaintiff if she may maintain her suit against these defendants as from the allegations it would appear that these defendants might in a second suit recover from it whatever amount the plaintiff might recover from them in this suit.

Judgment affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.