No. 12314

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

NORA MARIE McCLOSKEY, Individually
and as Administratrix of the Estate
of JOHN M. McCLOSKEY, Deceased,

        Plaintiff and Appellant,

-vs-

DENISE GROSS PORTER,

        Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
        Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Boone, Karlberg and Haddon, Missoula, Montana.
        Sam E. Haddon argued, Missoula, Montana.

    For Respondent:

        Worden, Thane, Haines and Williams, Missoula, Montana.
        Shelton C. Williams argued, Missoula, Montana.

---

        Submitted: November 30, 1972

        Decided: JAN 3 0 1973

Filed: JAN 3 0 1973

Thomas J. Kearney
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of the fourth judicial district, county of Missoula. Plaintiff, Nora Marie McCloskey, brought the action against defendant Denise Gross Porter, individually and as administratrix of the estate of her deceased husband, John M. McCloskey, for personal injuries sustained by each of them in an automobile accident which occurred in Missoula on May 14, 1970. Trial before a jury began on April 19, 1972. During the presentation of defendant's case, the trial judge granted defendant's motion for a directed verdict after denying plaintiff's offer of proof regarding alleged ambiguity in certain agreements. From the judgment entered pursuant to the directed verdict, plaintiff appeals.

The accident occurred as a result of defendant's failure to stop her vehicle at a stop sign, thereby colliding into the side of the McCloskeys' pickup truck. Defendant's failure to stop is not denied. The pickup truck was turned on its side, but plaintiff and her husband did not feel it necessary to call an ambulance. Some friends later took them to St. Patrick's Hospital in Missoula, where both were treated and released. In June 1970, John McCloskey was hospitalized for a few days with neck problems which had apparently responded to treatment by the time of his death. Over a course of several months, plaintiff was treated for broken or sprained ribs and other injuries.

In December 1970, the McCloskeys were involved in a separate accident wherein John McCloskey received injuries resulting in his death. Neither that accident nor the injuries sustained therein are a part of this litigation.

Shortly after the accident in question, John McCloskey contacted the adjuster for Safeco Insurance Company, defendant's insurer. As a result of several meetings between the adjuster and the Mc-Closkeys, the parties entered into two agreements. These agreements

were entitled "Agreement and Release", one was signed by plaintiff and the other by her husband. The agreements, identical printed forms, recited that the parties "* * * intend that this agreement state all terms of their mutual settlement of demands made against John Gross", the father of defendant. At the time of the accident, defendant was a minor. She was insured under her father's automobile insurance policy with Safeco Insurance Company.

These agreements were executed on May 28, 1970, fourteen days after the accident occurred. In pertinent part, both agreements state:

"(4) Claimant and Claimant's Spouse agree as follows:

"(a) Those named in Paragraph 1 [John Gross] are released from all liability resulting because of the accident. This release is intended to apply to liability for or because of property damage, death, bodily injuries which are known to Claimant and bodily injuries of which Claimant is not yet aware." (Emphasis added).

Under these agreements McCloskeys were paid a total of $4,200 on the day the agreements were executed, plus medical expenses for a definite period following the accident, not to exceed certain dollar limits. In addition, they were issued checks totaling $674.60 for medical expenses incurred after the agreements were signed. However, of that amount a check for $406.90 was not negotiated, on advice of counsel.

Plaintiff maintained that a portion of the compensation received was for property damage only; that is, since two of the drafts equaled the exact amount her husband had paid for the truck, those drafts were intended to compensate the loss of the truck only. Defendant, on the other hand, noted that the agreements in no way limit the amount stated as being only for property damage. Rather, the agreements specifically refer to "all liability resulting because of the accident." Plaintiff's main contention was that the agreements do not protect defendant, while defendant's main defense was the agreements.

Numerous issues are raised on appeal but the determinative issues are these: (1) whether the trial court erred in directing a verdict for defendant, and (2) whether the trial court correctly denied plaintiff's offer of proof. Before discussing these issues, we must first determine the effect of the agreements signed by plaintiff and her husband when only the defendant's father's name appears on the face of each agreement.

Section 31-131(b), R.C.M. 1947, provides that the negligence of a minor shall be imputed to the person signing the application for a driver's license, making that person jointly and severally liable for any damages caused by the minor. John Gross had signed defendant's application, and, by statute, would be liable for damages caused by his daughter's negligence. Plaintiff argues that negligence, being a legal word of art, cannot exist until it is determined by a trier of the facts; that is, since defendant had not been adjudged negligent by a judge or jury, she cannot take advantage of the statute. Plaintiff's argument is circular; if a jury was to determine that defendant was indeed negligent, the statute would absolve her through her father's release, the result of which is discussed later in this opinion. On the other hand, if a jury determined she was not negligent, the result would be the same. Moore v. Jacobsen, 127 Mont. 341, 263 P.2d 713.

The thrust of plaintiff's argument is that since John Gross could not be jointly and severally liable for the damages caused by the negligence of defendant until after her negligence was judicially determined, the release of John Gross does not release defendant. In other words, Gross and defendant were not joint tortfeasors at the time the releases were signed. That view misses the point. If, in fact, a jury did find defendant negligent, she would not be negligent from the date of the judicial determination, but rather from the date of the tort. Sleeper v. Woodmansee, 11 C.A.2d 595, 54 P.2d 519, 521. Any release of defendant or her father would date back to the accident, not to the date the jury found her negligent.

Having found that John Gross was jointly liable with defendant, we proceed to the effect of the releases. Does a release of Gross, release the defendant? Yes, it does. In Montana, the rule has long been established that the release of one joint tort-feasor releases the others, unless there are clear provisions in the release to the contrary. Black v. Martin, 88 Mont. 256, 266, 292 P. 577; Lisoski v. Anderson, 112 Mont. 112, 117,118, 112 P.2d 1055; Beedle v. Carolan, 115 Mont. 587, 590, 148 P.2d 559.

Lisoski was an automobile personal injury case. There plaintiff was a passenger in a taxicab owned by the defendant. The taxicab was involved in an intersection collision with another car belonging to Glasgow Motors. Plaintiff signed an instrument specifically releasing Glasgow Motors and "all other persons * * * from all claims". Plaintiff urged she be allowed to show that the release was not intended to cover the defendant. Answering that argument, this Court said:

> "The language could not be more plain to show the intention to make the release operate as to all her claims against all persons which would include these defendants."

We believe the language of Clause (4) of the two "Agreement and Release" documents in the instant case to be no less plain, 6 Blashfield, Automobile Law and Practice, 3rd Ed, §257.52, states the rule in this manner:

> "The general rule that, in the absence of statute, the release of one tort-feasor extinguishes and discharges the liability of other tort-feasors applies where a motor vehicles accident occasions an injury. It has been held that the amount paid for the release is not material or open for question provided it has been accepted in full satisfaction and discharge of the claim. The rule that a release of one operates as a discharge of all liable for the injury is based on the view that a release and discharge constitute a satisfaction of the claim."

Here, there is no mention in the release agreements of any reservation regarding possible future action against defendant, as opposed to an action against her father. Certainly, it cannot be asserted here that Clause (4), heretofore quoted, should be given any meaning different from the plain import of those words. In

- 5 -

Lisoski, this Court said:

> "* * * the rule is that to save the right
> of recourse against the other feasors, the
> release must be in the nature of a covenant
> not to sue or there must be words in the
> release which show that it is not in full
> satisfaction of the claim and that he [claimant]
> does not thereby discharge the others from
> liability."

Here, we do not find the release agreements contained any such

covenants. Furthermore, the drafts by which plaintiff and her

husband were paid all recite on the back of each these words:

> "By endorsement hereof payee hereby releases
> all claims arising out of the occurrence re-
> ferred to on the face hereof against
>
> "Safeco Insurance Company of America
>
> "* * *
>
> "and, where applicable, its insured."

In and of itself, such a statement on the reverse of a check

would be suspect. But, when coupled with the clear and unambiguous

language of the release agreements, the intent is obvious. We

find it difficult to allow plaintiff to endorse five drafts

before raising questions concerning the effect of the language

appearing on them.

This Court has considered such releases and their effect

many times. Black v. Martin, 88 Mont. 256, 292 P. 577, presents

a learned and authoritative account of the law concerning releases.

The validity of the rules stated in Black has repeatedly been

affirmed. In Chisholm v. Vocational School, 103 Mont. 503, 511,

64 P.2d 838, we said:

> "The voluntary payment of a debt by one not
> legally liable to do so nevertheless extinguishes
> the debt as to the creditor * * * and the result
> is the same where one of two joint tort-feasors
> pays the damages claimed. * * *
>
> "In a case such as this, if the two parties to
> whom the injured person looks for compensation
> are joint tort-feasors, where the injured person
> accepts full satisfaction or what the law con-
> siders such * * * it is a bar to an action against
> the other ** * *".

- 6 -

We believe that rule to be correctly stated. See also: Tanner v. Bowen, 34 Mont. 121, 124, 85 P. 876.

As to the determinative issues: Plaintiff, in her offer of proof, contended she should not be bound by the releases. She offered to show, by oral testimony, a situation different than that appearing on the face of the "Agreement and Release" forms. She argues further that the validity of the agreements was in dispute. Plaintiff relies upon section 93-401-13, R.C.M. 1947, regarding when evidence other than the contents of a written agreement may be introduced; and, section 93-401-17, R.C.M. 1947, noting that surrounding circumstances should be considered. At the same time, plaintiff contends that one of the agreements was to cover the damage to the truck, and the other medical expenses and her "difficulty" up to that time. That argument, however, goes merely to the scope of the agreements, not their validity. Plaintiff also claims the issue of fraud was raised in the offer of proof. We do not find that issue raised, nor can it now be raised on appeal.

We note that plaintiff's offer of proof came at the end of the case, and after defendant had made a motion for a directed verdict. The offer of proof purported to show plaintiff was not bound by her release because: (1) she did not intend to release Denise Gross; (2) the release was intended to cover just property damage, medical bills, and pain and suffering to the date of the release; (3) she was allegedly told that even if she signed a release she would be able to bring a lawsuit within three years; (4) Safeco failed to pay all the bills it was required to pay under the terms of the release.

We find no error in the trial court's denial of the offer of proof. Here, a pretrial order was prepared and executed by counsel; plaintiff made no contentions at the pretrial stage as to her competency, as to fraud or mistake or lack of consideration for the release. These are all affirmative matters which should have been raised as contentions at pretrial and to raise them when she did, was too late.

Plaintiff relies upon the recent case of Litts v. Pierce County, 5 Wash.App. 531, 488 P.2d 785, 790, and asks this Court to adopt the rule set down in that case. We decline to consider this authority for factually it is not applicable. In Litts, the plaintiff was injured in a two car accident at an intersection of two roads maintained by the county. Suit against the adverse driver was settled and suit was then instituted against the county, alleging that the injuries resulted from the negligent acts and omissions of the county. The court ruled:

> "* * * we adopt the rule that a release by an
> injured party of one of several concurrent tort-
> feasors, whose obligation is solidary, does not
> release the other concurrent tort-feasors unless
> it can be established as a fact either (1) that
> the injured party intended to release all tort-
> feasors or (2) that the release constitued satis-
> faction of the obligation."

Here, the trial court distinguished Litts, where there were separate independent acts of negligence by two separate actors producing the injury, and the instant case. Even if we were to adopt this rule, the holding would be the same for only one act, not two independent acts of negligence, produced the injury. Further, that rule is not consistent with Montana precedent.

This Court in Webber v. Killorn, 66 Mont. 130, 132, 212 P. 852, said it is elementary:

> "* * * that when a contract has been reduced to
> writing the contents of such writing cannot be
> added to, contradicted, altered, or varied by
> parol or extrinsic evidence, and that such writing
> supersedes all oral negotiations concerning its
> matter which preceded, accompanied, or led up to
> its execution."

See also: West River Equip. Co. v. Holzworth, 134 Mont. 582, 588, 335 P.2d 298; United States v. Willard E. Fraser Co., 308 F.Supp. 557, aff'd 459 F.2d 483.

There must be some point at which a properly executed release, accompanied by adequate consideration, is immutable. The situation here seems to indicate that plaintiff became dissatisfied with the "Agreement and Release" forms after they were

executed. But the fact remains that the instruments were signed and latent discontent cannot be grounds for alteration of their express terms.

Therefore, we find the releases were valid and effective with regard to defendant and constituted complete satisfaction of plaintiff's claim. Plaintiff's offer of proof attempting to vary the express terms of the written release agreements was properly rejected.

Finally, we hold the district court did not err in directing a verdict for defendant.

The judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____
Associate Justices.

Mr. Justice Haswell and Mr. Justice Daly specially concurring:

We concur in the result but not in the rationale of the majority opinion.

In our view, the release agreements here bar plaintiff's action on two grounds: (1) the liability of father and daughter is inseparable and identical, both in kind and in amount, so that settlement and release of one must necessarily constitute settlement and release of the other, and (2) ratification of the release agreements.

The releases here bar plaintiff's action, not because Denise and her father are joint tortfeasors which they are not, but because the liability of each is identical, indivisible, and inseparable. Liability of the father is imputed by statute, wholly derivative, and in like amount to that of the daughter. Accordingly, settlement of the one claim must necessarily include settlement of the other.

Additionally, the acceptance of payment and the conduct of the parties constitutes ratification of the releases under section 13-325, R.C.M. 1947, which provides:

> "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."

_Frank I. Haswell_

_Gene B Daly_

Associate Justices.

- 10 -