No. 14638

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

STATE EX REL. CITY OF HAVRE,

Relator,

-vs-

THE DISTRICT COURT OF THE TWELFTH
JUDICIAL DISTRICT OF THE STATE OF MONTANA,
IN AND FOR THE COUNTY OF HILL, and the HONORABLE
BERNARD W. THOMAS, Judge thereof,

Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Jardine, Stephenson, Blewett & Weaver, Great Falls, Montana
Jack Lewis argued, Great Falls, Montana
George McCabe appeared, Great Falls, Montana
Marra, Wenz, Iwen and Johnson, Great Falls, Montana
Joseph Marra argued, Great Falls, Montana

For Respondents:

Frank Morrison, Jr., argued, Missoula, Montana
Larry Elison argued, Missoula, Montana

Submitted: March 13, 1979

Decided: MAR 26 1980

Filed: MAR 2 6

Thomas J. Kearney
_____
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an original proceeding in which the City of Havre and the County of Hill have filed petitions for writs of supervisory control. The dispositive issue is whether a stipulation for dismissal with prejudice, entered into between plaintiff Boucher and defendant police officer Dramstad, bars the plaintiff from proceeding with his claim against the City of Havre and Hill County.

On September 24, 1974, the Havre Police Department received a call advising them that a burglary was in progress at a grocery store in North Havre, Montana. Officers Rex Dramstad and Kenneth Kooch were dispatched to the store to investigate. Upon their arrival at the scene, defendant Dramstad observed a suspect inside the store and ordered the suspect to come out. Once outside the store, the suspect began to run away from Officer Dramstad. In an attempt to apprehend the suspect, defendant Dramstad fired a shot which struck the suspect, plaintiff Ronald Boucher, in the back. This injury is the basis of the two civil actions initiated by the plaintiff against the City of Havre and County of Hill.

On September 27, 1976, plaintiff Boucher filed a complaint in Hill County District Court alleging that Officer Dramstad, the City of Havre and Hill County were liable for his injuries and and all damages resulting from those injuries. Following extensive discovery, the case was set for trial on December 11, 1978. A pretrial conference was held December 11, 1978, where plaintiff Boucher and defendant Dramstad entered into a stipulation for dismissal with prejudice of the claim against Officer Dramstad. The District Court, on the basis of the stipulation for dismissal, entered an order dismissing with prejudice the action against defendant Dramstad.

The remaining defendants, the City of Havre and Hill County,

moved for summary judgment on the grounds that the dismissal with prejudice of their agent, Officer Dramstad, exonerated not only defendant Dramstad, but also the City and County as well since their liability could only be vicarious or derivative. The remaining defendants argued that they were entitled to a dismissal with prejudice. The remaining defendants' motions were denied by the District Court; and they now petition this Court for a writ of supervisory control contending the District Court erred in denying their motions for summary judgment.

The plaintiff's complaint stated that the relationship of respondeat superior existed between the City of Havre, the County of Hill, the State of Montana and defendant Dramstad. In State v. District Court of Thirteenth Jud. Dist. (1976), 170 Mont. 15, 550 P.2d 382, we held that by reason of the 1972 Montana Constitution, Article II, section 18, and the State Tort Claims Act, section 2-9-102, MCA, et seq., a municipality and other political subdivisions are liable under the doctrine of respondeat superior for the negligence of an employee acting within the scope of his employment.

The City of Havre and Hill County contend that defendant Dramstad's dismissal with prejudice operates exactly the same as a jury verdict, and it therefore conclusively established that defendant Dramstad did not negligently or intentionally cause plaintiff's injuries. The City of Havre and Hill County further contend that the dismissal with prejudice of their employee collaterally estops the plaintiff from pursuing any claim against them as defendant Dramstad's employer, based upon the doctrine of respondeat superior.

The plaintiff contends that the dismissal with prejudice was only a trial tactic and it should not be given any collateral estoppel effect. The plaintiff also contends that this Court should look behind the words "with prejudice" in order to determine

the true intent of the parties. The plaintiff further contends that by looking behind the words "with prejudice," it is clear that the stipulation for dismissal with prejudice did not constitute a final adjudication on the merits; therefore, the plaintiff's claim against the City of Havre and Hill County should not be barred.

The issue in the instant case has resulted in a split of authority in other jurisdictions. Some courts have held that a consent dismissal with prejudice is tantamount to a judgment on the merits; and, accordingly, such a dismissal is res judicata as to every issue reasonably raised by the pleadings. See Barnes v. McGee (1974), 21 N.C.App. 287, 204 S.E.2d 203; DeGraff v. Smith (1945), 62 Ariz. 261, 157 P.2d 342. Other courts will look behind the words "with prejudice" and determine the intent of the parties. If it is determined that the parties did not intend the consent dismissal to resolve all of the issues raised by the pleadings, then the principles of collateral estoppel will not be applied. See Denny v. Mathieu (1970), (Mo. 1970), 452 S.W.2d 114.

Although the facts of the instant case are unique, we find guidance from the prior decisions of this Court involving the effect of the release of one joint tortfeasor by the plaintiff. In Beedle v. Carolan, (1944), 115 Mont. 587, 148 P.2d 559, plaintiff Beedle was put in jail by the Rosebud County Sheriff at the insistence of the Rosebud County Attorney. The plaintiff was later released and thereafter brought suit against the Sheriff for false imprisonment. The suit was settled by the Sheriff, and a written release was executed by the plaintiff. Subsequently, the plaintiff attempted to sue the County Attorney for damages for the imprisonment. The District Court found that the release of the Sheriff served as a bar to the action against the County Attorney. This Court affirmed and said:

> "The words . . . mean that plaintiff has been
> fully compensated for any injuries arising out

of the transaction; having been fully compen-
sated he has no further cause of action.
Nothing in the release in any way hints at a
reservation of the right to sue the county
attorney or anyone else because of the false
arrest and, as we have said, that reservation
must appear on the face of the instrument."
115 Mont. at 590.

In McCloskey v. Porter (1973), 161 Mont. 307, 506 P.2d

845, the plaintiff's deceased husband had been injured in an auto-

mobile accident wher. his car had collided with a car driven by the

defendant, a minor. A Montana statute provided that a person who

signs a minor's application for a driver's license was jointly

and severally liable for any damages caused by the minor. In

McCloskey the minor defendant's father had signed her driver's

license application. The plaintiff and the father entered into and

signed a written release. The plaintiff then attempted to proceed

against the minor defendant, and the District Court granted the

defendant's motion for a directed verdict. This Court affirmed

and said:

"In Montana, the rule has long been established
that the release of one joint tortfeasor re-
leases the others, unless there are clear pro-
visions in the release to the contrary." 161
Mont. at 311-312.

The stipulation for dismissal with prejudice in the instant

case operates the same as does the release of one joint tortfeasor.

Nothing in the stipulation for dismissal with prejudice in any way

hints at a reservation of the right to sue the City of Havre and
                                                           one
Hill County. As in the cases involving the release of/joint tort-

feasor, that reservation must appear on the face of the instrument.

The stipulation for dismissal in the instant case was one

"with prejudice." In Schuster v. Northern Co. (1953), 127 Mont.

39, 45, 257 P.2d 249, 252, we stated that:

"The term 'with prejudice' as used in a judgment
of dismissal has a well-recognized legal import.
It is the converse of the term 'without prejudice',
and a judgment or decree of dismissal with preju-
dice is as conclusive of the rights of the parties
as if the suit had been prosecuted to a final
adjudication adverse to the plaintiff."

- 5 -

Therefore, a stipulation of dismissal with prejudice of a defendant is tantamount to a judgment on the merits; and accordingly, such a dismissal with prejudice is res judicata as to every issue reasonably raised by the pleadings. Under the doctrine of respondeat superior, an employer defendant's liability is vicarious or derivative and does not arise until an employee acts negligently within the scope of his employment. A dismissal of a claim with prejudice of an employee is equivalent to a finding that the employee was not negligent. Under the doctrine of respondeat superior, such a dismissal of an employee operates to exonerate the employer. This Court will look at the dismissal with prejudice on its face, and will not look behind the words "with prejudice."

The two judgments denying the motions for summary judgment by the City of Havre and the County of Hill are vacated and set aside. The two causes are remanded to District Court with directions to enter judgment with prejudice for both of the remaining defendants.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Daniel J. Shea dissents and will file a written dissent later.

- 6 -

DISSENT OF JUSTICE DANIEL J. SHEA

--------------------------------------------------

No. 14638 and 14645

STATE EX REL. CITY OF HAVRE

      VS.

DISTRICT COURT TWELFTH JUDICIAL
DISTRICT, et al.

--------------------------------------------------

STATE EX REL COUNTY OF HILL

      vs.

DISTRICT COURT TWELFTH JUDICIAL
DISTRICT, et al.

--------------------------------------------------

March 31, 1980



FILED

MAR 3 1 1980

STATE OF MONTANA
SUPREME COURT

Mr. Justice Daniel J. Shea dissenting:

I would affirm the order of the District Court. It is clear beyond question that the plaintiff did not intend to dismiss either the City or County. In this respect I cannot understand the failure of this Court to consider the impact of our recent case of Kussler v. Burlington Northern, Inc. and State of Montana (1980), ___ Mont. ___, ___ P.2d ____, 37 St.Rep. 240.

The essential issue involves the effect given to a stipulation to dismiss with prejudice, entered into between plaintiff and police officer Rex Dramstad, and an order putting this agreement into effect by dismissing with prejudice. The agreement to dismiss, and order to dismiss, are silent as to whether plaintiff intended also to dismiss the City or County as defendants. The City and County do not seriously contend that plaintiff intended to release them, but contend that the dismissal must have that effect, because any liability of the City or County can only be vicarious or derivative.

The essence of defendants' argument is that, regardless of plaintiff's intent, his release of Officer Dramstad, had the effect, by operation of law, of also releasing the City and the County. As inviting as this argument may appear, it ignores the realities of the situation. The intent of plaintiff in releasing only Officer Dramstad, is at the core of whether the City and County are entitled to receive the benefits of this dismissal.

The majority relies upon a definition of "with prejudice" in Schuster v. Northern Co. (1953), 127 Mont. 39, 257 P.2d 249; and cites DeGraff v. Smith (Ariz. 1945), 157 P.2d 342; and Barnes v. McGee (N.C. 1974), 204 S.E.2d 203. In DeGraff and Barnes, the courts held that the employer was dismissed

-7-

as a result of the plaintiff's dismissal of the defendant employee who was alleged to have been the actively negligent party. In both DeGraff and Barnes, it was the clear intent of the plaintiff not to dismiss against the defendant employer even though the defendant employee was dismissed.

In Schuster, supra, the plaintiff's case was dismissed "with prejudice" by the trial court, after a three year delay, and when, during trial, plaintiff announced he could not proceed with his proof because of an absence of witnesses. In affirming the dismissal, this Court simply defined the legal effect of a dismissal "with prejudice." This case has no bearing on the issue before this Court for plaintiff does not contend that he can still proceed to prosecute his action directly against Officer Dramstad.

Factually, neither DeGraff nor Barnes are similar to the present case. These cases are not persuasive because in each situation the court ignored the uncontradicted intent of the plaintiff to dismiss only the defendant employee and to proceed against the defendant employer. The effect was that a benefit was conferred upon the defendant employer which was clearly not intended by the plaintiff and clearly not warranted by the facts.

Defendants contend that the dismissal of Officer Dramstad operates exactly as though a jury had ruled in favor of Officer Dramstad, and thus that the City and the County, by the same verdict, because of their derivative status, would also have been absolved of legal responsibility for plaintiff's injuries. This analysis was effectively rejected in Denny v. Mathiew (Mo. 1970), 452 S.W.2d 114, where the court held that a dismissal with prejudice does not operate in precisely the same manner as a jury verdict. Rather, the court held that, under its own practice rule relating to dismissals, that a "dismissal with prejudice

-8-

actually adjudicates nothing" but only "serves as a mechanism for the termination of litigation rather than adjudication of the issues therein involved."  In so holding, the court reasoned that it was proper to go behind the words "with prejudice" to determine what was intended in light of the facts of the particular case.  The court ruled that the intent of the plaintiff in agreeing to a dismissal, must be considered.  If justice is one of the objectives of the law, this clearly is the proper rule.

In a somewhat different context, the question of intent was discussed recently in Brackenbrough v. MacCloskey (Or. 1979), 600 P.2d 481, where the appeals court ruled that parol evidence was admissible to establish whether the parties to a release with an integration clause, intended also to release a nonparty.  In discussing previous Oregon cases involving similar issues, the court ruled that parol evidence was admissible to show the true intent of agreements whereby a person was seeking benefits conferred by an agreement to which he was not a party.

The issue in Brackenbrough was whether a doctor sued for malpractice, should be able to avail himself of a release agreement between plaintiff and a party who was the active cause of the initial need of plaintiff to seek medical attention.  Although the issue is not precisely the same here as it was in Brackenbrough, it is appropriate to compare the cases in terms of the parties who are seeking the benefits of an agreement to which they were not a party. In Brackenbrough, the court ruled that plaintiff could present parol evidence to show that he did not intend to confer release benefits upon the doctor.  Here, it is effectively conceded that plaintiff did not intend to dismiss as against the City or the County.  I can see no policy reasons why the City or the County should receive the benefit of a dismissal to which they were not a party, and for whom it was clearly not intended.

-9-

The majority here relies upon Beedle v. Carolan, Co. Attorney (1944), 115 Mont. 587, 148 P.2d 559, and McClosky v. Porter (1973), 161 Mont. 307, 506 P.2d 845, as authority for the proposition that the release of one joint tortfeasor releases the others, unless there are clear provisions in the release to the contrary. With these cases serving as the essential underpinnings for its rationale, the majority concludes here that the stipulation for dismissal with prejudice contained nothing which in any way hinted at a reservation of the right to sue the City of Havre or Hill County, and that such a reservation must appear on the face of the instrument if the plaintiff is to proceed with his case.

What the majority fails to consider is that in Kussler (less than two months ago) we specifically overruled Beedle and McCloskey. Indeed, Kussler overruled the legal proposition, relied upon by the majority here, that the release of one joint tortfeasor releases the others, unless there are clear provisions in the release to the contrary. Kussler, supra, 37 St.Rep. at 244-245.

In Kussler, we adopted the approach taken by the Arizona Supreme Court in Adams v. Dion (1973), 109 Ariz. 308, 509 P.2d 201. In Adams, the plaintiff was injured in a car wreck which involved joint tortfeasors. One of the tortfeasors was released. The other was the defendant in the case. The law in Arizona had been that a release of one released all. The court listed several reasons for rejecting the common law rule: the rule is a trip for the unwary; it stifles the desire of the victim to compromise; and it leads to results not intended by the parties. As a result, the court adopted the rule "that the release of one joint tortfeasor is not a release of any other joint tortfeasor unless the document is intended to release the other tortfeasors, or the payment is full compensation,

-10-

or the release expressly so provides." 509 P.2d at 203. As we noted in Kussler, this rule was adopted from the Restatement (Second) of Torts §885. The United States Supreme Court also adopted the rule to apply to antitrust litigation. Zenith Radio Corp. v. Hazeltine Research (1971), 401 U.S. 321, 344, 91 S.Ct. 795, 809, 28 L.Ed.2d 77, 95.

In accordance with the spirit of the rule announced in Kussler, consideration should be given to the intent of the parties who executed the stipulation for dismissal. There can be no question here that the plaintiff did not intend that the City or County receive the benefit of the dismissal. Nor does the City or County have the temerity to make this assertion.

Neither the City nor the County will incur any prejudice because the police officer was dismissed from the lawsuit. Plaintiff must still prove his cause of action against the police officer before the City or County is compelled, under the doctrine of respondeat superior, to respond by the payment of damages.

The order of the District Court permitting the case to proceed to trial on the merits should be affirmed.

Daniel J. Shea
Justice