CHARLES H. GROSS, PLAINTIFF, v. THE PENNSYL-
VANIA, POUGHKEEPSIE AND BOSTON RAILROAD
COMPANY, APPELLANT.

65h 191
55ad 93
f 55ad 94

*Torts — joint tort-feasors — only one satisfaction is permitted — an accident caused
by the combined negligence of two railroads — rights of the tort-feasors inter se.*

An engineer of the Central New England and. Western Railroad Company was
injured by a collision occurring on that road between its engine and one belong-
ing to the Pennsylvania, Poughkeepsie and Boston Railroad, which latter engine
the former company had permitted to enter upon its tracks in order to obtain
water.

The injured engineer brought an action against his own road and recovered therein
the damages caused by his injury. He also brought an action against the
Pennsylvania, Poughkeepsie and Boston Railroad Company, and recovered a
verdict therein.

The company employing him settled the judgment of the engineer against it, and
at the same time took an assignment of the engineer's judgment in the action
against the Pennsylvania, Poughkeepsie and Boston Railroad Company.

Thereupon the Pennsylvania, Poughkeepsie and Boston Railroad Company moved
to cancel this latter judgment.

*Held*, that the motion should be granted.

That, although the recovery in each action was for distinct acts of negligence upon
the part of the railroad company sued, yet the injury and loss was, as to the
engineer, single, his damage having resulted from the combined negligence
of both.

That, as the tort was joint, a satisfaction by one joint tort-feasor discharged the
engineer's claim against the other.

That, although it might be true that it was the negligence of the Pennsylvania,
Poughkeepsie and Boston Railroad Company which caused the accident, that
question had not been, and could not have been, tried in either action, and that, if
it was to be decided, the Pennsylvania, Poughkeepsie and Boston Railroad Com-
pany was entitled to have that issue tried in a separate action.

APPEAL by the defendant, the Pennsylvania, Poughkeepsie and
Boston Railroad Company, from an order of the Supreme Court,
entered in the office of the clerk of Orange county on the 30th day
of March, 1892, denying a motion to have the judgment in this
action canceled by the owner thereof, the Central New England
and Western Railroad Company.

*Greene & Bedell*, for the appellant.

*Milton A. Fowler*, for the Central New England and Western
Railroad Company, respondent.

CULLEN, J. :

This is an appeal from an order denying defendant's motion to cancel the judgment entered in this action. The plaintiff, an engineer on the Central New England, etc., Railroad Company, was injured by a collision occurring on its road with an engine of the defendant company, which the first-named company had allowed to enter upon its tracks to obtain water. The recovery in this action was based upon the negligence of the defendant's engineer in failing to "flag" his engine. Subsequently the plaintiff brought an action against his employer, the New England, etc., Company, and recovered on the claim that that company was negligent in permitting the engine of the other road to run upon its tracks at the particular time. The New England, etc., Company, settled with the plaintiff and took from him a release, and also an assignment of the judgment against the defendant.

We think the motion should have been granted. Though the negligence of the two companies consisted of wholly distinct acts, still the injury and tort which constituted the plaintiff's cause of action was single. He could not have recovered part of his damages from one company and part from the other, because the whole injury proceeded from the combined negligence of both, not part from the negligence of each. It was, therefore, a clear case of a joint tort, and a satisfaction by one tort feasor discharged the plaintiff's claim against the other. ( *Woods* v. *Pangburn,* 75 N. Y., 495; *Webster* v. *Hudson River R. R. Co.,* 38 id., 260; *Barrett* v. *Third Ave. R. R. Co.,* 45 id., 628.)

It is claimed by the assignee of the judgment that, as between it and the defendant, it was the negligence of the latter that caused the injury, for the condition of the permit "to flag" the engine was not complied with, and that hence it is not precluded from recovering indemnity or contribution from its co-tort-feasor. This may well be, but has no effect on this application. On this motion the Central New England, etc., Company has but the same rights as its assignor, the plaintiff. As the plaintiff could not collect anything from the defendant, after satisfaction by the other company, his assigns cannot.

It is not possible upon this application to determine the liabilities of the two companies between themselves. It may be that the

defendant by accepting the permission impliedly covenanted to use the privilege properly and with care, and must indemnify the New England Company for any loss resulting from default in these respects. But to enforce such liability an action must be brought. The defendant is entitled to a trial of that issue. The issue was not, and could not, have been determined in either of the actions brought by the plaintiff against the two companies.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.