TANNER, RESPONDENT, v. BOWEN, APPELLANT.

(No. 2,259.)

(Submitted April 7, 1906.  Decided April 16, 1906.)

*Torts—Causes of Action—Assignment—Satisfied Claim—Release.*

1.  The owner of a horse let the same to plaintiff, a livery-stable keeper, who hired the horse to defendant to drive.  After being driven the horse died from the alleged negligence of defendant, whereupon the owner asserted a claim against both plaintiff and defendant.  Plaintiff admitted the owner's claim, paid him the value of the horse in satisfaction thereof, and took an assignment of the owner's cause of action against defendant, and as such assignee sued defendant to recover the value of the horse, alleging that the cause of its death resulted from defendant's negligence.  *Held* that, as plaintiff's payment of the value of the horse to the owner thereof satisfied any cause of action that he had for the loss of the horse, plaintiff was not entitled to recover for such loss as the owner's assignee.

*Appeal from District Court, Teton County; J. E. Erickson, Judge.*

ACTION by Ed. Tanner against J. R. Bowen.  From a judgment for plaintiff and from an order denying him a new trial, defendant appeals.  Reversed.

*Mr. E. L. Bishop,* for Appellant.

That Devlin would have a right of action against either Tanner or Bowen for the negligence of the latter in driving or caring for the horse in question with Tanner's consent and in the course of Tanner's business, is too well settled to require citation of authorities.  In such cases "The rule which makes one satisfaction or release a bar to further claims for the same tort is founded in good reason."  (*Chapin* v. *Chicago etc. Ry. Co.,* 18 Ill. App. 50; *Hartigan* v. *Dickson,* 81 Minn. 284, 83 N. W. 1091; *Seither* v. *Philadelphia Traction Co.,* 125 Pa. St. 397, 11 Am. St. Rep. 905, 17 Atl. 338, 4 L. R. A. 54; *Tompkins* v. *Clay St. Ry. Co.,* 66 Cal. 163, 4 Pac. 1165; *Leddy* v. *Barney,* 139 Mass. 394, 2 N. E. 107; *Miller* v. *Beck,* 108 Iowa, 575, 79 N. W. 344.)

"In torts the relation of principal and agent does not exist; they are all wrongdoers, and may be sued jointly or separately." (*Berghoff* v. *McDonald*, 87 Ind. 558; *Illinois C. Ry. Co.* v. *Coley* (Ky.), 89 S. W. 237; *Mayer* v. *Thompson etc. Bldg. Co.*, 104 Ala. 611, 53 Am. St. Rep. 88, 16 South. 623, 28 L. R. A. 433; *Indiana etc. Co.* v. *Lippincott Glass Co.* (Ind.), 72 N. E. 183; *Greenberg* v. *Lumber Co.*, 90 Wis. 225, 48 Am. St. Rep. 911, 63 N. W. 93, 28 L. R. A. 439.) Therefore plaintiff and defendant were joint tort-feasors, and the satisfaction given by plaintiff for the joint tort inured to the benefit of defendant, and would satisfy and discharge the joint cause of action, notwithstanding an express agreement to the contrary. (*Abb* v. *Northern Pac. Ry. Co.*, 28 Wash. 428, 92 Am. St. Rep. 864, 68 Pac. 955, 58 L. R. A. 293; *Jones* v. *Chism*, 73 Ark. 14, 83 S. W. 315; *McBride* v. *Scott*, 132 Mich. 176, 102 Am. St. Rep. 416, 93 N. W. 243, 61 L. R. A. 445; *Denver etc. Ry. Co.* v. *Sullivan*, 21 Colo. 302, 41 Pac. 503; *Donaldson* v. *Carmichael*, 102 Ga. 40, 29 S. E. 136.)

The attempted assignment was ineffectual for any purpose, and did not change the rights of the parties in any respect. (*Gross* v. *Pennsylvania etc. R. R. Co.*, 47 N. Y. St. Rep. 374, 20 N. Y. Supp. 28; *Seither* v. *Philadelphia Traction Co.*, 125 Pa. St. 397, 11 Am. St. Rep. 905, 17 Atl. 338, 4 L. R. A. ·54; *Boyer* v. *Bolender*, 129 Pa. St. 324, 15 Am. St. Rep. 723, 18 Atl. 127; *Baker* v. *Secor*, 51 Hun, 643, 4 N. Y. Supp. 303.)

Inasmuch as the defense of payment and satisfaction was first developed upon the trial by the disclosure of the plaintiff, and the evidence of it was admitted and submitted to the court upon the motion to direct a verdict without objection, appellant is entitled to the benefit thereof. (*Capital Lumber Co.* v. *Barth* (Mont.), 81 Pac. 994; *Prosser* v. *Montana Cent. Ry. Co.*, 17 Mont. 388, 43 Pac. 81; *Peck* v. *Goodberlet*, 109 N. Y. 180, 16 N. E. 350; *Hawn* v. *Seventy-six etc. Water Co.*, 74 Cal. 418, 16 Pac. 196; *England* v. *Gripon*, 15 La. Ann. 304; *Donaldson* v. *Carmichael*, 102 Ga. 40, 29 S. E. 135; *Gardner* v. *Buckbee*, 3 Cow. 120, 15 Am. Dec. 256; *Eastwood* v. *Retsof Min. Co.*, 68 N.

Y. St. Rep. 38, 34 N. Y. Supp. 196; *Bunnell* v. *Rio Grande etc.*
*Ry. Co.,* 13 Utah, 314, 44 Pac. 930.)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The facts disclosed by the record are that John H. Devlin was
the owner of a certain horse and let it to the plaintiff Tanner,
who was a livery-stable keeper at Conrad, Teton county, for use
in his livery business. The defendant Bowen hired a team and
buggy from Tanner on December 1, 1904, to drive to Chouteau,
and the Devlin horse and another were furnished to him by Tan-
ner. Bowen made the trip with the team to Chouteau, and on
the following morning it was ascertained that the Devlin horse
had died. Devlin asserted a claim for the value of the horse
against both Tanner and Bowen and demanded a settlement for
the same from each. Upon the trial it was made to appear that
Tanner admitted Devlin's claim, acknowledged his own lia-
bility, paid to Devlin the value of the horse in satisfaction of
Devlin's claim, took an assignment of Devlin's cause of action
as against Bowen, and as such assignee brought this action to
recover from Bowen the value of the horse, alleging in his com-
plaint that the death of the horse was caused by negligence on
the part of Bowen. The answer denies any negligence on
Bowen's part. A verdict was returned in favor of the plaintiff,
a judgment entered thereon, and from the judgment and an
order denying him a new trial, the defendant appealed.

The only error assigned in the brief of appellant is that the
court erred in refusing to instruct the jury to return a verdict
for the defendant as requested by him. In discussing this al-
leged error, counsel for appellant makes three distinct conten-
tions, only one of which it will be necessary to consider.

It is said that plaintiff Tanner, having paid to Devlin the
amount of Devlin's claim in satisfaction of the same, thereby
discharged Bowen from liability. As to whether Tanner was in
fact liable might be a question, but this liability was admitted.
The payment by Tanner to Devlin and the attempted assign-

ment of Devlin's cause of action operated as a complete satisfaction of Devlin's claim and a release of Tanner from any further liability. In *Leddy* v. *Barney,* 139 Mass. 394, 2 N. E. 107, it is said: "The validity and effect of a release of a cause of action do not depend upon the validity of the cause of action. If the claim is made against one and released, all who may be liable are discharged, whether the one released was liable or not." The principle underlying this decision is that if, when the release was given, Devlin was asserting against Tanner a liability for the same act for which Tanner now asserts the liability of Bowen, the two causes of action are the same and the release of one discharges the other. The decision above is referred to with approval, and the doctrine there announced is again asserted, in *Miller* v. *Beck & Co.,* 108 Iowa, 575, 79 N. W. 344, and numerous other cases are cited in support of the conclusion reached. (1 Cyc. 317.)

If Devlin, instead of merely presenting his demand against Tanner and Bowen separately, had sued each, as he might have done, and had recovered a judgment against each, and if Tanner had then paid the judgment against himself and had taken an assignment from Devlin of the judgment against Bowen, the situation would not have been different from that which is presented by this record, and under those circumstances it is quite clear that the judgment against Bowen could not have been enforced.

A case directly in point is *Gross* v. *Pennsylvania etc. R. Co.,* 47 N. Y. St. Rep. 374, 20 N. Y. Supp. 28. The plaintiff recovered separate judgments against the Pennsylvania etc. Railroad Company and the Central New England etc. Railroad Company for an injury caused by the negligent acts of those companies. The New England company paid the judgment against it and took an assignment of the judgment against the Pennsylvania company. The Pennsylvania company then moved the court to cancel the judgment against it. In reversing the trial court for refusing this motion, the supreme court of New York said: "It is claimed by the assignee of the judgment that, as between it and the defendant (the Pennsylvania company), it was the

negligence of the latter that caused the injury, * * * and that hence it is not precluded from recovering indemnity or contribution from its cotort-feasor. This may well be, but has no effect on this application. On this motion the Central New England etc. Company has but the same rights as its assignor, the plaintiff. As the plaintiff could not collect anything from the defendant after satisfaction by the other company, his assigns cannot.''

Section 571 of the Code of Civil Procedure provides: ''In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any setoff or other defense existing at the time of, or before, notice of the assignment,'' etc. If, then, when Devlin assigned his pretended cause of action against Bowen to Tanner, he (Devlin) had been paid by Tanner for all damages sustained by him, under the circumstances of this case the defense of payment or satisfaction could have been interposed by Bowen, and when these facts were developed upon the trial, the defendant's request for an instruction for a verdict in his favor should have been granted. Devlin having been paid and satisfied by Tanner, did not have any cause of action against Bowen which he could assert in court himself, and, of course, if he could not assert it, his assignee could not.

The judgment and order are reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*

Mr. CHIEF JUSTICE BRANTLY concurs.

Mr. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing decision.