COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* FARRAND OPTICAL Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, October 23, 1945.

*Harry Schechter, William H. Stieglitz* and *Bernard Katzen* for plaintiff.

*George J. Conway* and *George A. Garvey* for Farrand Optical Co., Inc., defendant.

DINEEN, J. Plaintiffs move on the pleadings to strike out the defenses for insufficiency.

The action is brought by the Commissioners of the State Insurance Fund against two defendants and seeks to recover damages for personal injuries sustained by one Chiddo as a result of the negligence of defendants. Chiddo elected to accept an award of compensation made under the Workmen's Compensation Act and paid to him by plaintiffs. He failed to commence an action against these defendants within six months after the making of the award and plaintiffs claim that, under section 29 of the Act, Chiddo's failure to sue, after accepting compensation, operated as an assignment to plaintiffs of his cause of action against these defendants.

The defenses pleaded by one of the defendants rest on the claim that Chiddo did bring an action within the six months against another third person to recover damages for the same injuries and that plaintiffs filed a lien against any recovery in that action for the amount of the compensation and for the expense of medical treatment paid by them. Hence, the answering defendant claims, there was no assignment of Chiddo's cause of action to plaintiffs and by filing their lien against any recovery in the action brought by Chiddo, plaintiffs made an election which, in any event, bars a recovery in this action.

The questions thus raised have not been decided in any of the cases cited and the motion must be considered as a case of first impression.

I think the first three defenses, which are based on the fact that Chiddo had previously brought an action against another defendant to recover for his injuries, are sufficient, if established, to defeat the action.

The fact that Chiddo had accepted compensation and had failed to bring an action against these defendants within six months thereafter, would, in the absence of other material facts, give plaintiffs the right to maintain the present action as

statutory assignees of Chiddo's cause of action (Workmen's Compensation Law, § 29, subd. 2). In that action plaintiffs, if they recovered at all, would recover the full amount which Chiddo himself could have recovered if he had brought the action. On the question of the amount of the recovery, it would be immaterial that Chiddo had previously brought his own action against another defendant, or even that he had recovered and collected a judgment in that action, for the statute makes no provision for the diminution of plaintiffs' recovery on that account. But after recovering and collecting their judgment plaintiffs would be under obligation to pay over to Chiddo two thirds of any amount by which their recovery exceeded the amount of compensation plus expenses of medical treatment paid by them and the expense of effecting the recovery (Workmen's Compensation Law, § 29, subd. 2). Thus the injured man, if he recovered and collected in his own action, would, to the extent of the sum paid over to him by plaintiffs, be receiving a double satisfaction for his injuries, contrary to the long-established rule. (*Gross* v. *Pennsylvania, P. & B., R. R. Co.*, 65 Hun 191; Black on Judgments [2d ed.], § 995.) Assuming that the Legislature would have had the right to modify that common-law rule so that it would not apply in such a case as the present, no such intention has been expressed and it may not easily be implied.

I conclude that the act does not authorize the maintenance of the present action if the bringing of the prior action by Chiddo is proved in defense.

Plaintiffs urge that Chiddo may have used bad judgment in choosing the defendant to be sued and that he may either fail to recover judgment or fail to collect if he does recover. They say that they ought not to be prejudiced in their right to recover the compensation paid and expenses incurred by them, because Chiddo has elected to bring an action in which their lien may prove to be valueless. This argument might have force if addressed to the Legislature in an effort to procure an amendment of the act; but it cannot justify such a construction of the statute as plaintiffs ask.

The fourth defense is that plaintiffs filed a lien in the action brought by Chiddo and thereby elected to recover the payments made by them from the proceeds of the recovery in that action. This defense must be considered by itself and without the aid of the facts pleaded in the other defenses. But if plaintiffs could otherwise maintain this action I do not think that they could be defeated by the mere fact that they had filed a lien

in the other action. I think that, considering only the facts alleged in their complaint and in this defense, plaintiffs would have the right to maintain this action while protecting themselves against an adverse result by filing their lien in the other action.

The fourth defense is, therefore, struck out and the motion to strike out the other defenses is denied.