COMMISSIONERS OF THE STATE INSURANCE FUND, Appellants, *v.* FARRAND OPTICAL Co., INC., Respondent, et al., Defendants.

Argued May 20, 1946; decided July 23, 1946.

494

*Harry Schechter, William H. Stieglitz* and *Bernard Katzen* for appellants. I. The first three separate and distinct defenses are legally insufficient. The scheme of the Workmen's Compensation Law is, under all circumstances, to make the employer primarily liable to the employee who suffers an injury arising out of and in the course of the employment, but when such injury is caused by the negligence of another not in the same employ, such other remains liable for his negligence, and a recovery from him must be applied to the amount payable under the Compensation Law, and the employer's liability under the law is for the deficiency only. (*Matter of Curtin* v. *City of New York*, 287 N. Y. 338; *Matter of Woodward* v. *Conklin & Son, Inc.*, 171 App. Div. 736; *Sabatino* v. *Crimmins Construction Co.*, 102 Misc. 172; *Matter of Breital* v. *Hinderstein*, 236 App. Div. 203; *Matter of McCann* v. *Baker Elevator Corp.*, 264 N. Y. 529; *Matter of Beekman* v. *Brodie*, 249 N. Y. 175; *Matter of Roth* v. *Harlem Funeral Car Co.*, 243 App. Div. 459, 268 N. Y. 681.) II. Appellants' cause of action is not a separate and distinct cause of action from that of the employee. It is the employee's action. (*Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253 N. Y. 324; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.) III. It is not mandatory that all defendants be joined in one cause of action as section 211 of the Civil Practice Act is permissive only. (*Kranzer* v. *Automobile Ins. Co.*, 124 Misc. 866; *Roberts* v. *Johnson*, 58 N. Y. 613.) IV. Though two different actions are commenced on the basis of one injury, one by the employee against another tort-feasor and the action herein, there can be but one satisfaction. (*Spencer & Son Corp.*, 165 Misc. 143.)

*George J. Conway* and *George A. Garvey* for respondent. I. There was no assignment of the employee's cause of action to plaintiffs-appellants. (*McCue* v. *Shea Co., Inc.*, 175 Misc. 557,

260 App. Div. 946; *Christison* v. *Wallace*, 265 App. Div. 937; *Calagna* v. *Sheppard-Pollak, Inc.*, 264 App. Div. 589, 289 N. Y. 753; *Rothman* v. *Byron*, 141 Misc. 770.) II. Appellants have no capacity to sue on the employee's cause of action. (*Grossman* v. *Consolidated Edison Co.*, 294 N. Y. 39; *Calagna* v. *Sheppard-Pollak, Inc.*, 264 App. Div. 589; *Calhoun* v. *West End Brewing Co.*, 182 Misc. 423, 269 App. Div. 398; *Comrs. of State Insurance Fund* v. *Town of Howard*, 177 Misc. 820, 263 App. Div. 1068.) III. The employee is the real party in interest. (*Grossman* v. *Consolidated Edison Co.*, 294 N. Y. 39; *Calagna* v. *Sheppard-Pollak, Inc.*, 264 App. Div. 589.)

LOUGHRAN, Ch. J. This case presents questions as to the construction and application of section 29 of the Workmen's Compensation Law, which is captioned: "*Remedies of employees*; *subrogation.*" The relevant provisions thereof are these: "1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation under this chapter or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this section. If such injured employee, or in case of death, his dependents, take or intend to take compensation under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case, the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by

it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier.
* * *

" 2. If such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation. If such fund, person, association, corporation or carrier, as such an assignee, recover from such other, either by judgment, settlement or otherwise, a sum in excess of the total amount of compensation awarded to such injured employee or his dependents and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee or his dependents, as the case may be, two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee or his dependents. * * * "

The case is here on the pleadings. The Commissioners of the State Insurance Fund are the plaintiffs. In substance, their complaint alleges: As owner of a building, the defendant engaged a general contractor to make improvements thereto; in the course of that work, a number of subcontractors with the consent of the defendant made a hole in the roof which was left unguarded; Vincent Chiddo, an employee of the general contractor, fell through that hole and was hurt; Chiddo made claim for workmen's compensation which was paid by the State Insurance Fund as carrier for the employer-general contractor; Chiddo failed to bring any action against the present defendant — the owner of the building — within six months after the awarding of such compensation or within one year from the date of accrual of the action for his injuries; such failure of Chiddo operated as an assignment of his cause of action against the defendant to the State for the benefit of the State Insurance Fund under section 29 of the Workmen's Compensation Law.

Though the material parts of the answer of the defendant are set forth in the form of three separate defenses consisting of new matter, the allegations thereof are essentially a constructive denial of the alleged assignment to the plaintiffs under the statute of the cause of action pleaded in their complaint. In substance, each of the three defenses says: On the occasion mentioned in the complaint, one of the subcontractors was doing roofing work on the defendant's building; Vincent Chiddo, within the time limited therefor by section 29 of the Workmen's Compensation Law, brought an action against that subcontractor to recover damages for the same injuries to Chiddo's person that are sued for in the present action; such action by Chiddo is still pending; and a lien against any recovery that may be had therein has been filed in behalf of the State Insurance Fund for the payments made by it to Chiddo under the Workmen's Compensation Law.

A motion by the plaintiffs (the Commissioners of the State Insurance Fund) to strike out the three defenses for insufficiency on the face thereof was denied by the court at Special Term. The Appellate Division affirmed and certified to us the question whether the order of the Special Term was erroneous. Our decision of that question must be limited, of course, to the facts that appear in the pleadings.

On the allegations of the present complaint, the defendant and the subcontractors who created the unguarded hole in the roof of its building were responsible for that act as joint wrongdoers, and on that basis Chiddo had the right to sue any of them separately or all of them jointly for the whole of his damage. Hence upon the facts shown by this record, the statutory assignment to the plaintiffs of Chiddo's remedy against the defendant would not be " a splitting of the cause of action ", as the defendant contends.

In the judgment of the Special Term, a recovery by Chiddo in his own action plus a payment to him by the plaintiffs out of another recovery by them would constitute " a double satisfaction for his injuries, contrary to the long-established rule." For such a result the court could find no sanction in the statute. Consequently its conclusion was that " the act does not authorize the maintenance of the present action if the bringing of the prior action by Chiddo is proved in defense." (185 Misc. 976, 978.) We hold a different opinion.

The three defenses in question do not allege a recovery by Chiddo of any judgment in his own action. Satisfaction of such a judgment, as we assume, would be a bar to the present action which the plaintiffs — as statutory assignees of Chiddo — have brought against the defendant as a wrongdoer jointly liable for the same damage. (*Livingston* v. *Bishop*, 1 Johns. 290.) But this case does not now present and may never present a situation of that kind. In effect the three defenses assert that the mere commencement by the person wronged of suit against one joint wrongdoer releases the others. Since the law has long been settled to the contrary, the three defenses cannot be sustained. (*Russell* v. *McCall*, 141 N. Y. 437, 450–451; *Squire* v. *Ordemann*, 194 N. Y. 394, 399.)

The orders insofar as appealed from should be reversed, and the motion of the plaintiffs to strike out the first three defenses in the answer of the defendant Farrand Optical Co., Inc., should be granted, with costs. The question certified should be answered in the affirmative.

LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Ordered accordingly.