BEATRICE ALSTON et al., Plaintiffs, *v.* HOTEL HARGRAVE, INC., Defendant.

Supreme Court, Trial Term, New York County, December 9, 1952.

*Jacob M. Fishback* and *Alfred S. Julien* for plaintiffs.

*Frederick Mellor* and *Clarence E. Mellen* for defendant.

DICKSTEIN, J.  At the close of the evidence the defendant moved for a direction of the verdict in its favor upon the ground that the plaintiff Accident & Casualty Insurance Co. had not brought this suit within the statutory period.  Defendant also moved for a judgment dismissing the complaint, under section 457-a of the Civil Practice Act after the jury's verdict in favor of the plaintiff.  Decision was reserved on both motions.

The original plaintiff in this action was Beatrice Alston, who was injured through the negligence of the defendant while she was employed by the Vindobona Bridge Club.  This accident arose out of and in connection with such employment and the plaintiff Alston received a compensation award from the employer's insurance carrier.

Thereafter the plaintiff Alston brought this action against the defendant, the third party which was responsible for the accident in question.  The defendant operates a hotel in which the bridge club where the plaintiff was employed occupied a part.  The hotel thus comes into the purview of the Multiple Dwelling Law which imposes upon it the duty of maintaining '' every part thereof '' in good repair (§ 78).  The accident in which the plaintiff Alston was involved arose out of a defective step at the premises.

The original action was instituted more than six months after the award of compensation.  More than three years after the accident the insurance carrier was permitted to intervene in this action and was joined as an additional party plaintiff.  The basis for this intervention was the provision of the Workmen's Compensation Law which as far as pertinent provides as follows: " § 29. *Remedies of employees; subrogation.*  1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, * * * need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensa-

tion, pursue his remedy against such other subject to the provisions of this chapter. If such injured employee * * * take or intend to take compensation, and medical benefits in the case of an employee, under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case * * * the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier.''

Thus the insurance carrier of Miss Alston's employer having paid the compensation award made to her, became the statutory assignee of her cause of action against this defendant because of the failure to institute such action within six months after the award of compensation to her.

It will be noted that no claim of a Statute of Limitations is made against the original plaintiff, Beatrice Alston. The only question raised is the effect of the statutory assignment of her cause of action to the plaintiff insurance carrier. True, the original action was brought in time, but the question posed is whether the order permitting the insurance carrier to become a party plaintiff to the pending action would be subject to the Statute of Limitations. Obviously, had the insurance carrier brought an *independent* action at the time the order of its addition or substitution as party plaintiff was made, the Statute of Limitations would have been applicable. Conversely, had the insurance carrier brought such action, independently, at the time this action was instituted, there would have been no question of any Statute of Limitations.

The defendant takes the position that when the original action was commenced, in the name of Beatrice Alston, her cause of action had already passed, by operation of law, to the insurance carrier, and she, at that time, had no right to maintain any action thereon. (*Taylor* v. *New York Central R. R. Co.,*

294 N. Y. 397; *Schubert* v. *Finkelstein*, 244 N. Y. 583; *Commissioners State Ins. Fund* v. *Farrand Opt. Co.*, 295 N. Y. 493.) But in this case the defendant did not appeal from the order granting the original plaintiff the right to bring in the insurance carrier as an original party plaintiff and clearly the decision of the court at Special Term, being the law of the case in this action, related the insurance carrier's claim *to the date of the commencement thereof.*

Furthermore, *Miss Alston's* claim was not entirely obliterated by this statutory assignment. Under subdivision 2 of section 29 of the Workmen's Compensation Law, if such recovery should " exceed the total amount of compensation awarded    *    *    * [to her] and the expenses for medical treatment paid by it, [the insurance carrier] together with the reasonable and necessary expenditures incurred in effecting such recovery," the original plaintiff was still entitled to a share of the proceeds.

Under the circumstances, the court adopts the view that a cause of action, once instituted, tolls the Statute of Limitations and the substitution of the insurance carrier for the original plaintiff did not create a new cause of action to which the defendant could properly assert the defense of the Statute of Limitations.

In this connection the case of *Weldon* v. *United States* (65 F. 2d 748), which was cited with approval in *Van Der Steaen* v. *Neuss, Hesslein & Co.* (270 N. Y. 55), may be of interest. There a stevedore who had been injured while working on a vessel elected to take compensation from his employer under the terms of a Federal Workmen's Compensation Statute. By operation of law under that statute this cause of action was thereby assigned to his employer. Nevertheless, the stevedore filed a libel against the United States as owner of the vessel claiming that his injuries had been caused by the negligence of the vessel or her owner. A motion to substitute the employer as libellant was made *after the expiration of the two-year limitation statute.* The court held (p. 749) that the limitation statute was not applicable since the substitution of the parties did not *create* a new cause of action. " The claim    *    *    *    was in no way altered    *    *    *    The amendment    *    *    *    merely *    *    *    [had] substitute[d] a new party plaintiff."

In the *Van Der Stegen* case (*supra,* p. 63) the court stated: " ' when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limi-

tations do not exist, and we are of opinion that a liberal rule should be applied.' "

Motion for direction of verdict is denied. Motion to set aside the verdict and dismiss the complaint under section 457-a of the Civil Practice Act is likewise denied.

Thirty days' stay.