No. 85-247

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

HENRY CANTRELL and LILLIAN
CANTRELL,

        Plaintiffs and Appellants,

  -vs-

MARK HENDERSON and CARDINAL
DRILLING, a corporation,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Huntley & Eakin; Gene Huntley, Baker, Montana

    For Respondent:

        Alexander & Baucus; Gary M. Zadick, Great Falls,
        Montana

---

Submitted on Briefs: Dec. 20, 1985

Decided: April 29, 1986

Filed: APR 29 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs sued in the Tenth Judicial District Court for Fergus County claiming damages for personal injuries suffered in a motor vehicle accident. Following plaintiffs' motion to dismiss the defendant Mark Henderson, he was dismissed with prejudice. Cardinal Drilling then moved for summary judgment on the grounds that its employee Mr. Henderson had been dismissed with prejudice. That motion was granted. Plaintiffs appeal. We affirm the District Court in part and reverse in part.

The issues on appeal:

1. Did the District Court err in dismissing defendant Mr. Henderson with prejudice?

2. Should the District Court's dismissal of Cardinal Drilling be reversed?

3. Did the District Court err in refusing to permit discovery of earlier statements of Mark Henderson taken by defendant's insurance company?

The agreed facts are that at about 10:00 a.m. on December 11, 1981, Mark Henderson, while in the course and scope of his employment for Cardinal Drilling, was driving a Cardinal Drilling truck south on U.S. 191 in Fergus County, Montana. The plaintiffs were driving north on the same highway with Mrs. Cantrell at the wheel. As the vehicles approached each other, apparently Mr. Henderson dozed and his truck started to drift across the center line. Either because the Cantrell automobile was struck or because of the swerve by Mrs. Cantrell to avoid being struck, the Cantrell vehicle went off the highway and turned over, injuring both Mr. and Mrs. Cantrell. Cardinal Drilling maintains that its truck did not get closer than three to five feet from the Cantrells.

2

The Cantrells sued Mark Henderson and Cardinal Drilling. Mr. Henderson and Cardinal Drilling answered, denying the allegations of negligence and alleging contributory negligence on the part of the Cantrells. The plaintiffs filed an amended complaint stating a claim for punitive damages. A trial date of December 17, 1984 had been fixed.

On October 25, 1984 the plaintiffs moved the court to dismiss the action against the defendant Mark Henderson. On November 7, 1984 Cardinal Drilling responded to the motion to dismiss and stated that it had no objection to Mark Henderson being dismissed from the case "on the condition that such dismissal be with prejudice." By order dated November 9, 1984 the District Court dismissed the action as to defendant Mark Henderson, with prejudice.

On March 7, 1985 Cardinal Drilling filed a motion for summary judgment. After a hearing, the District Court entered its order granting judgment to defendant Cardinal Drilling with costs. Plaintiffs appeal that judgment. As a part of that appeal, plaintiffs appeal an order dated October 15, 1984 which denied the plaintiffs' motion to compel production.

I

Did the District Court err in dismissing Mr. Henderson with prejudice?

Plaintiffs contend that the District Court should have disregarded the request for a dismissal with prejudice by Cardinal Drilling, and granted the motion for dismissal without prejudice. Dismissal of a party is governed by Rule 41, M.R.Civ.P. The portion of the rule which is applicable where the defendants have answered is Rule 41(a)(2), M.R.Civ.P., which states in part:

3

> (2) By order of court. Except as pro-
> vided in paragraph (1) of this subdivi-
> sion of this rule, an action shall not be
> dismissed at the plaintiff's instance
> save upon order of the court and upon
> such terms and conditions as the court
> deems proper. . . . Unless otherwise
> specified in the order a dismissal under
> this paragraph is without prejudice.

From the wording of the rule, it is clear that a district court has authority to condition a dismissal upon such terms and conditions as it deems proper, and that the court also has the power to dismiss with prejudice or without prejudice, subject to the provision that the dismissal is without prejudice unless otherwise stated. It was appropriate for Cardinal Drilling to file its motion in response to plaintiffs' motion to dismiss, and for it to request a dismissal with prejudice. Plaintiffs have not proven facts requiring a limitation upon the discretion granted to the District Court with regard to dismissal. We conclude that the District Court acted within its discretion when it entered an order of dismissal. We will discuss further the prejudice aspect of the dismissal.

Plaintiffs argue that the question is controlled by the case of Petritz v. Albertsons, Inc. (1980), 187 Mont. 102, 608 P.2d 1089. Plaintiffs seek to apply the conclusion in Petritz that even though the plaintiff might have obtained some tactical advantage, the Court would not bar a dismissal. That does not apply here. The District Court in this case did not bar a dismissal; it granted dismissal with prejudice.

Cardinal Drilling argues that the issue is no longer worthy of consideration because the statute of limitations has run so far as the Henderson claim is concerned. We do not find that argument persuasive. The sole reason for dismissal of Cardinal Drilling is that Mr. Henderson had been dismissed with prejudice. Cardinal Drilling also argues that

4

this issue was not timely raised. The dismissal of Mr. Henderson was interlocutory in nature, and this issue was briefed and argued before the District Court.

We conclude that where the plaintiffs moved for dismissal without specifying whether dismissal should be with or without prejudice, that issue was left to the discretion of the trial court in accordance with the provisions of Rule 41(a)(2), M.R.Civ.P. See 9 Wright and Miller, Federal Practice and Procedure, § 2367, at 184. We hold that the District Court did not err in dismissing Mr. Henderson with prejudice.

## II

Should the District Court's dismissal of Cardinal Drilling be reversed?

The District Court concluded that State ex rel. City of Havre v. District Court (Mont. 1980), 609 P.2d 275, 37 St.Rep. 552, applies and controls the present case. It held that the plaintiffs' motion to dismiss defendant Mark Henderson and the granting of that motion with prejudice was equivalent to the stipulation between the parties in City of Havre. The District Court therefore granted Cardinal Drilling's motion to dismiss.

City of Havre arose in connection with the shooting of a fleeing burglar by a Havre police officer. That officer was named as a defendant along with the City of Havre and County of Hill. The plaintiff and the police officer stipulated to dismissal of the police officer with prejudice and the trial court so ordered. Thereafter, the police officer's employers, City of Havre and County of Hill, moved for summary judgment on the basis that the release of their employee operated as a judgment on the merits. This Court held that a stipulation to dismiss a defendant employee with prejudice

5

was "tantamount to a judgment on the merits," and that, accordingly, such a dismissal exonerated the defendant employers. The Court held that it would not look behind the words "with prejudice."

One month before the City of Havre case was decided, this Court ruled on the parallel issue of dismissal of one of several joint tortfeasors. Kussler v. Burlington Northern, Inc. (1980), 186 Mont. 82, 606 P.2d 520. In that case the Court held that a release of one joint tortfeasor "with prejudice" does not release all of the joint tortfeasors, unless the document intends to do so, or the payment is full compensation, or the release expressly so provides. Kussler, 606 P.2d at 524. That decision was supported by an examination of the reasoning of other jurisdictions and the Restatement (Second) of Torts. The Court adopted the view that the common law rule to the contrary "is a trap for the unwary, it stifles the desire of the victim to compromise, and it leads to results not intended by the parties." Kussler, 606 P.2d at 524.

This Court later distinguished the facts in City of Havre from a case involving substitution of the proper party for parties misjoined. White v. Lobdell (Mont. 1982), 638 P.2d 1057, 39 St.Rep. 1. In White, the defendant realty company was first incorrectly identified in the complaint as a partnership. The members of the partnership were subsequently dismissed with prejudice, and the corporation was substituted as a party. The District Court applied City of Havre and concluded that dismissal of the individuals was, in effect, dismissal of the corporation, since the corporation could only be liable through the acts of its agents or employees. This Court reversed, holding that City of Havre was not applicable, and that what had occurred was "not a

6

substantive dismissal with prejudice of an agent or employee, but rather the substitution of a proper party before the court." White, 638 P.2d at 1060.

We now reexamine the issue of whether a dismissal with prejudice of a defendant employee exonerates the defendant employer. There is a split of authority on this issue, as this Court noted in City of Havre, 609 P.2d at 277. We conclude that the better rule is that dismissal of a defendant "with prejudice" does not release other defendants who may be liable under a theory of respondeat superior, unless the document intends to do so, or the payment is full compensation, or the release expressly so provides. This is consistent with Kussler and White and reflects the tactical reality of dismissals of less than all defendants in multi-party tort litigation. It also reflects the inappropriateness in modern practice of an interpretation which finally disposes of substantive issues based on a technical misstep by counsel. To the extent that it is inconsistent with this rule, we expressly overrule our holding in City of Havre. We do this not without considering and weighing the importance of stare decisis and the central role of precedent in our system of legal justice. For reasons of fairness fully discussed in our opinion in Kussler, 606 P.2d at 524, the force of this ruling shall apply only to this case and to judgments of dismissal entered after the date of this decision.

Applying the rule to the present case, it appears from the position taken by counsel for Cardinal Drilling that the purpose of dismissing Mark Henderson "with prejudice" was to protect him from further litigation. The defendant's response to plaintiffs' motion to dismiss, which was the basis for granting the motion to dismiss with prejudice, stated:

On October 25, 1984, Plaintiffs moved to dismiss Defendant Mark Henderson. Rule 41(a)(2), M.R.Civ.P., controls a motion to dismiss in the absence of a stipulation from all parties. The Court is to grant such a motion only "upon such terms and conditions as the Court deems proper." Defendants have no objection to Mark Henderson being dismissed from this case on the condition that such dismissal be with prejudice. Defendants assume that this is Plaintiffs' intent. It would be unjust and improper for a dismissal to be without prejudice so that Mr. Henderson could be sued again at some later time. Therefore, Defendants simply request that the Order of Dismissal clearly specify that it is with prejudice.

We conclude that the dismissal of Mark Henderson "with prejudice" was not intended to adjudicate the merits of this matter. None of the circumstances set forth in Kussler which would make his release apply also to Cardinal Drilling has been shown. We hold that his dismissal is not dispositive of the plaintiffs' claim against Cardinal Drilling.

We reverse the District Court's order dismissing defendant Cardinal Drilling.

## III

Did the District Court err in refusing to permit discovery of an earlier statement of Mark Henderson taken by defendant's insurance company?

Rule 26(b), M.R.Civ.P. sets the scope and limitations of discovery. It provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." This rule is limited by the 'work product exception' in subsection (3) so that

. . . a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his

8

attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. . .

The District Court relied upon Kuiper v. Dist. Court of Eighth Judicial Dist. (Mont. 1981), 632 P.2d 694, 38 St.Rep. 1288, in applying this rule. In Kuiper, this Court concluded that various correspondence and memoranda to and from a corporation's in-house legal counsel were not discoverable under the work product exception, although the documents were prepared prior to initiation of the lawsuit. This Court said that "work product protection must be afforded from the time the claim file is opened." Kuiper, 632 P.2d at 701. Applying that rule to the present case, the District Court concluded that Mr. Henderson's statement to defendant's insurance company was prepared in anticipation of litigation, because the insurance company claim file had been open when the statement was made.

Rule 26(b)(3), M.R.Civ.P., is identical to the federal rule. Unfortunately, there is no coherent position in the federal courts as to the applicability of this rule to statements of a party made to an insurance agent or adjuster. We have not been referred to a single state appellate court which has squarely ruled on this issue.

The record shows that Mr. Henderson's statement was given to defendant's insurance company before the complaint was filed. There is no indication that an attorney had been hired or that the statement was made at the request of an attorney. We conclude that the holding in Kuiper does not extend to this situation. An insurance company claim file is not the same as an attorney's claim file, for purposes of the

9

work product rule. We hold that Mr. Henderson's statement to defendant's insurer was not made "in anticipation of litigation" under Rule 26(b)(3). Therefore the District Court's order denying plaintiffs' motion to compel discovery of Mr. Henderson's statement to the insurance company is reversed.

Reversed and remanded for further proceedings in conformance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices