No. 98-074

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 188N

MARK TARKA,

Plaintiff and Appellant,

v.

BOARD OF DENTISTRY, JAMES L. BOOTH,

and KENNETH M. SPAIN,

Defendants and Respondents.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark Tarka, *Pro Se*, Bozeman, Montana

For Respondents:

Gary Kalkstein; Axelberg & Kalkstein, Missoula, Montana

William M. O'Leary; Corette, Pohlman & Kebe, Butte, Montana

Submitted: June 25, 1998

Decided: July 29, 1998

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **Mark Tarka (Tarka), acting** *pro se***, filed suit in the Eighteenth Judicial District Court, Gallatin County, alleging misconduct by James L. Booth (Booth) and Kenneth**

No

M. Spain (Spain) during the course of dental care provided to Tarka. The District Court determined that Tarka's allegations amounted to a dental malpractice claim. As a result, the District Court required that Tarka name an expert witness to establish that Booth and Spain's care fell below the standard of care required or risk dismissal. Shortly before the discovery deadline set by the District Court, Tarka moved to dismiss his complaint. Booth requested that the complaint be dismissed with prejudice. Thereafter, the District Court dismissed Tarka's complaint with prejudice. Tarka appeals to this Court asserting error on the part of the District Court for dismissing Tarka's complaint with prejudice. We affirm.

Factual and Procedural Background

¶ On May 17, 1994, Tarka sought the orthodontic services of Spain. As this was Tarka's first appointment with Spain, Tarka completed a Patient Information and Questionnaire Form. Tarka responded affirmatively to questions about gum sensitivity and difficulty chewing food. Spain expressed concern that Tarka may be suffering from jaw problems as well as periodontal problems. As a result, Spain referred Tarka to Booth. Spain provided no other services to Tarka.

¶ Booth saw Tarka on September 12, 1994 and September 27, 1994. On April 6, 1995, Booth advised Tarka that he would not accept his case and otherwise declined treatment of Tarka.

¶ Tarka, acting *pro se*, filed a complaint on December 23, 1996 in District Court naming Spain and Booth as defendants. The crux of Tarka's allegations was dental malpractice on the part of Spain and Booth. Following initial discovery, defendants Spain and Booth filed motions for summary judgment. The District Court held that, due to the limited nature of Spain's involvement (a referral), he was entitled to summary judgment. The District Court, however, denied Booth's motion for summary judgment and set a scheduling order requiring that Tarka name an expert witness by October 11, 1997. The District Court explained that if Tarka failed to name an expert witness by the deadline he would risk dismissal of his complaint.

¶ Shortly before the discovery deadline, Tarka moved to dismiss his own complaint. Booth responded requesting that the complaint be dismissed with prejudice. Thereafter, the District Court entered a judgment of dismissal with prejudice.

¶ Tarka appeals to this Court from the judgment of dismissal, the granting of Spain's motion for summary judgment and motion to strike, and the denial of Tarka's motion for sanctions. We determine that the issue of whether the District Court abused its discretion in dismissing Tarka's complaint with prejudice is dispositive and therefore do not reach the remaining issues presented by Tarka.

Discussion

¶ Did the District Court abuse its discretion in dismissing Tarka's complaint with prejudice?

¶ Rule 41(a), M.R.Civ.P., controls situations in which a plaintiff moves to dismiss his own action. That rule provides that, the dismissal is without prejudice unless the order specifies otherwise. Rule 41(a), M.R.Civ.P. In Cantrell v. Henderson (1986), 221 Mont. 201, 718 P.2d 318, this Court interpreted the language of Rule 41 and determined that it is clear that a district court has the power to dismiss with prejudice or without prejudice. Cantrell, 221 Mont. at 204, 718 P.2d at 320. We further noted that where the defendant requests that the dismissal be with prejudice, the granting of that request is not an abuse of discretion. Cantrell, 221 Mont. at 204, 718 P.2d at 320. We conclude, as we did in Cantrell, that where the plaintiff moves for dismissal without specifying whether dismissal should be with or without prejudice, that issue is properly left to the discretion of the trial court. Cantrell, 221 Mont. at 204-05, 718 P.2d at 320. We hold that the District Court did not abuse its discretion in dismissing Tarka's complaint with prejudice.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER