MEMORANDUM **
Bonnie G. Snavely appeals the bankruptcy court’s order that enjoins her from pursuing state law easement claims against Douglas Miller and his successor in interest, Yellow Stone Fly ‘Yellow Stone”, LLC, and awards sanctions against her for bringing such claims. The district court affirmed the bankruptcy court. We affirm in part and dismiss in part.
The bankruptcy court ordered that Snavely dismiss with prejudice her state law easement claims within ten days of the order. Rather than appeal the order, she complied.
Under Montana law, a dismissal with prejudice has full res judicata effect, and a party cannot later bring the same cause of action.[1] Even if the bankruptcy court’s order were reversed, this court would have no authority to order the Montana court to allow Snavely to re-file. Accordingly, the appeal of the bankruptcy court’s injunction must be dismissed as moot.[2]
The award of sanctions was not an abuse of discretion because the Bankruptcy Court found bad faith and abusive litigation tactics on the part of Snavely, and it is *647 within the inherent power of the bankruptcy court to sanction such tactics.[3] We therefore affirm the award of sanctions.
AFFIRMED as to sanctions; otherwise DISMISSED. Costs on appeal awarded against Appellant.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. First Call, Inc. v. Capital Answering Serv., Inc., 271 Mont. 425, 898 P.2d 96 (1995); State ex rel. City of Havre v. Dist. Court of 12th Judicial Dist., 187 Mont. 181, 609 P.2d 275, 278 (1980), overruled on other grounds by Cantrell v. Henderson, 221 Mont. 201, 718 P.2d 318, 320-21 (1986).

. See Foster v. Carson, 347 F.3d 742, 745 (9th Cir.2003) (describing the doctrine of mootness).

. Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196 (9th Cir.2003).