FILED

June 2 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0581

DA 14-0581

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 154N

DANIEL R. SWEENEY,

Plaintiff and Appellee,

v.

HEATHER ERIN WYLIE,

Defendant and Appellant.

APPEAL FROM:   District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DV-10-121
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Heather Erin Wylie (Self-Represented), Billings, Montana

For Appellee:

Frank Joseph, Attorney at Law, Butte, Montana

Submitted on Briefs:   April 22, 2015
Decided:   June 2, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Heather Wylie appeals the District Court's Order Dismissing Case Without Prejudice, dated June 4, 2014.  We affirm.

¶3      Sweeney brought this action in 2010 to establish the amount of restitution that Wylie owed him as a result of her thefts from his law office while she worked as his secretary.  On April 24, 2014, Wylie filed a motion to dismiss Sweeney's action for lack of prosecution.  In May 2014 District Court Judge Brad Newman entered an order in the criminal case against Wylie specifying the amount of restitution owed to Sweeney. Sweeney then filed a notice of voluntary dismissal of this action.  On June 4, 2014, the District Court entered an order dismissing the case.  Wylie requested reconsideration of the dismissal, which the District Court denied on August 18, 2014, noting that Wylie herself had previously moved that the action be dismissed.  On September 14, 2014, Wylie filed her notice of appeal.

¶4      Rule 41(a)(2), M. R. Civ. P. provides that the district court, upon motion of the plaintiff, may dismiss an action "on terms that the court considers proper."  *Cantrell v. Henderson*, 221 Mont. 201, 204, 718 P.2d 318, 319-320 (1986).  Wylie's arguments

opposing dismissal of the action against her are difficult to understand, but appear to arise from her desire to re-litigate issues from the concluded criminal prosecution against her. The District Court had the discretionary authority under M. R. Civ. P. 41 to dismiss Sweeney's complaint.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.  In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's ruling was not an abuse of discretion.

¶6     Affirmed.


                                                    /S/ MIKE McGRATH


We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ PATRICIA COTTER